# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2013

No. 12-11138
Summary Calendar

Lyle W. Cayce
Clerk

BAIN COTTON COMPANY,

Plaintiff-Appellant

v.

CHESNUTT COTTON COMPANY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:11-CV-189

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Bain Cotton Company ("Bain") appeals the district court's denial of Bain's motion to vacate an arbitration award on grounds of the arbitrators' misconduct in denying discovery requests and Bain's motion to re-open the case, vacate the arbitration award, and allow discovery, based on Bain's assertion that the arbitrators erred reversibly in denying discovery at that level, claiming that the arbitrator's denial of discovery evidenced partiality or

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-11138

corruption on their part.  Bain argues in its appellate brief that, even under the extremely narrow and limited grounds on which a court may reverse an arbitration award, the arbitrators "first ignored Bain's repeated requests for discovery, and then summarily condemned Bain for failing to provide proof supporting its claims – proof that was out of Bain's control and that the [arbitrators] refused to discover."

This appeal presents a quintessential example of a principal distinction between arbitration and litigation, especially in the scope of review.  Had this discovery dispute arisen in and been ruled on by the district court, it is not unlikely that the denial of Bain's pleas would have led to reversal; however, under the "strong federal policy favoring arbitration, judicial review of an arbitration award is extremely narrow."[1]  Under §10 of the FAA, an arbitration award may be vacated only if the reviewing court finds that the award was procured by corruption, fraud, or undue means; that there was evident partiality or corruption in the arbitrators; that the arbitrators were guilty of misconduct in refusing to postpone the hearing on sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or any other misbehavior by which the rights of any party are prejudiced, or the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[2]

Regardless whether the district court or this court – or both – might disagree with the arbitrators' handling of Bain's dicovery requests, that handling does not rise to the level required for vacating under any of the FAA's narrow and exclusive grounds.  Our review of the district court's extensively analyzed Order of October 17, 2012, from which Bain appeals satisfies us that its

---

[1] *Rain C. II Carbon, L.L.C. v. ConocoPhillips Co.*, 674 Fed.3d 469, 471-72 (5th Cir.2012).

[2] *See* 9 U.S.C. §10.

2

No. 12-11138

reasoning is sound and that none of the acts or rulings of the arbitrators are subject to reversal or the case subject to being reopened.  Accordingly, for essentially the same reasons set forth by the district court in its Order, the court's denial of Bain's motion to reopen the case, vacate the arbitration award, and obtain additional discovery is

AFFIRMED.